**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2824-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN LOYAL,

    Defendant-Appellant.

_____

Submitted September 18, 2018 – Decided September 26, 2018

Before Judges Hoffman and Firko.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 96-06-2036.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Theodore Stephens II, Acting Essex County Prosecutor, attorney for respondent (Barbara A. Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant John Loyal appeals from the December 4, 2015 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I

In connection with the February 7, 1996 shooting death of Carl Watson, an Essex County grand jury indicted defendant for purposeful or knowing murder, N.J.S.A. 2C:11-3(a)(1) and (2); aggravated assault by pointing a firearm, N.J.S.A. 2C:12-1(b)(4); possession of a handgun without a permit, N.J.S.A. 2C:39-5(b); and possession of a handgun with the intent to use it unlawfully against the person or property of another, N.J.S.A. 2C:39-4(a). After defendant's first trial resulted in a mistrial, he moved to dismiss the indictment, arguing a new trial would result in double jeopardy. The trial court denied the motion.

A second jury found defendant guilty on all four counts. The trial court sentenced defendant to life in prison with a thirty-year parole disqualifier on the murder charge and concurrent sentences on the remaining charges. State v. Loyal, 164 N.J. 418, 428 (2000).

We affirmed defendant's convictions and sentence on direct appeal. State v. Loyal, No. A-1404-97 (App. Div. July 9, 1999) (slip op. at 22). Our Supreme

Court granted certification, and also affirmed. <u>Loyal</u>, 164 N.J. at 443. Subsequently, the United States District Court for the District of New Jersey denied defendant's petition for a writ of habeas corpus. In 2003, the Third Circuit Court of Appeals denied defendant's application for a certificate of appealability. In 2004, the United States Supreme Court denied defendant's application for a petition for writ of certiorari.

On July 8, 2014, defendant filed a pro se petition for PCR, and designated PCR counsel subsequently filed a supporting brief. On December 4, 2015, the PCR judge delivered an oral opinion denying defendant's petition without an evidentiary hearing. This appeal followed.

On appeal, defendant argues:

> POINT I — DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING[.]
>
> A. DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL IN TRIAL COUNSEL'S FAILURE TO CALL A CRITICAL WITNESS (SHARONDA POSEY) AT THE RETRIAL.
>
> B. TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO PROPERLY AND EFFECTIVELY IMPEACH THE CREDIBILITY OF STATE'S WITNESS WANDA COLON.

C. APPELLATE COUNSEL WAS INEFFECTIVE IN FAILING TO RAISE ON APPEAL THAT DEFENDANT WAS ENTITLED TO A JURY INSTRUCTION ON CROSS-RACIAL IDENTIFICATION.

D. TRIAL COUNSEL FAILED TO CONDUCT ADEQUATE PRETRIAL INVESTIGATION OF THE CASE RESULTING IN THE FAILURE TO CALL THREE ESSENTIAL WITNESSES AT TRIAL, THEREBY DENYING DEFENDANT THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

    i. TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO CALL JEFFREY WISE AS A WITNESS FOR THE DEFENSE.

    ii. TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO CALL VALERIE FIELDS AS A WITNESS FOR THE DEFENSE.

    iii. TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO CALL ALJIVA A[.] POSEY AS A WITNESS FOR THE DEFENSE.

POINT II — DEFENDANT'S PETITION WAS NOT TIME BARRED UNDER R[ULE] 3:22-12.

II

We first consider defendant's argument that the PCR court erred in determining his PCR petition was time-barred. We reject his argument.

Under Rule 3:22-12(a)(1), a petition for PCR, for reasons other than to correct an illegal sentence, must be filed within five years of entry of the

judgment of conviction, unless there is a showing of excusable neglect. State v. Afanador, 151 N.J. 41, 52 (1997). "In the context of [PCR], a court should only relax the bar of Rule 3:22-12 under exceptional circumstances." Ibid.

Here, defendant claims the delay in filing his PCR petition resulted from excusable neglect. He alleges he filed the petition within seven months after the Supreme Court denied his application for a petition for writ of certiorari; however, when he contacted the court after the federal appeals process ended, he learned a record of his filing did not exist. He further contends he relied upon his counsel to file for PCR, and therefore, was unaware of the five-year limitation.

We find defendant's allegations insufficient to warrant relaxing the time-bar. Defendant's judgment of conviction was entered on September 8, 1997, therefore, he had until September 2002 to timely file his PCR petition. The Supreme Court denied certiorari in 2004. Accordingly, even had defendant filed his PCR petition within seven months of the Supreme Court's denial, he still would have filed his petition beyond the five-year time-bar. See also State v. Milne, 178 N.J. 486, 494 (2004) (holding federal habeas corpus proceedings "ordinarily" do not toll the Rule 3:22-12 time-bar). Moreover, defendant's assertion that he was unaware of the time-bar fails to constitute excusable

neglect. See State v. Murray, 162 N.J. 240, 246 (2000) (holding a lack of "sophistication in the law does not satisfy the exceptional circumstances required" to overcome the time-bar).

III

We analyze ineffective assistance of counsel claims by using the two-prong test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 694 (1984). See State v. Preciose, 129 N.J. 451, 463(1992); see also State v. Fritz, 105 N.J. 42, 58 (1987). The first prong of the Strickland test requires a defendant to establish counsel's performance was deficient. Preciose, 129 N.J. at 463. "The second, and far more difficult, prong . . . is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 463-64 (quoting Strickland, 466 U.S. at 694).

There exists a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 689. Further, because prejudice is not presumed, defendant must demonstrate how specific errors of counsel undermined the reliability of the proceeding. Fritz, 105 N.J. at 61.

Defendant's substantive arguments lack persuasion. His first argument, that trial counsel was ineffective in failing to call Sharonda Posey[1] as a witness at the second trial, fails to satisfy the first Strickland prong. At the first trial, Sharonda's credibility was undermined after she recanted her original statement that defendant shot the victim, instead identifying another individual, and admitted her boyfriend at the time was the individual who ordered the victim's murder. Accordingly, the PCR judge did not err in finding her testimony could be "more of a liability than an asset to the defense," and that trial counsel's failure to call her as a witness was a reasonable, strategic decision.

Defendant next contends his trial counsel provided ineffective assistance in failing to impeach Wanda Colon, the State's eyewitness. He argues Colon's testimony about her heroin use was inconsistent between the first and second trials, and counsel should have impeached her on those statements.

The record reflects trial counsel effectively impeached Colon at the second trial. As the PCR judge noted,

> [T]he record clearly indicates that defense counsel vigorously attempted to undermine Colon's credibility on cross examination. . . . [C]ounsel pointed out how Colon had lied [about] material facts when she gave her sworn statement to [the detective], as well as how Colon misidentified [an individual] . . . . Counsel also

---

[1] To avoid confusion, but intending no disrespect, we refer to Sharonda Posey and Aljiva A. Posey by their first names.

examined both Colon and [the detective] on their prior, personal relationship[,] suggesting . . . perhaps some bias on the part of both witnesses.

Accordingly, the record reflects trial counsel provided effective assistance. As such, defendant's argument fails.

Defendant next argues trial counsel failed to adequately investigate Jeffery Wise, Valerie Fields, and Aljiva as potential witnesses. In support, defendant submitted the certifications of Wise and Aljiva, who stated they were witnesses to the shooting and someone other than defendant committed the murder. Defendant also submitted Field's certification, which states she witnessed the victim arguing with two men — neither of whom were defendant — shortly before the victim's murder.

We decline to address defendant's argument. The record reflects the witnesses' certifications lack signatures, as required under Rule 1:4-4(c); accordingly, defendant failed to present competent evidence supporting his claim. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) ("[W]hen a petitioner claims his [or her] . . . attorney inadequately investigated [the] case, he [or she] must assert the facts that the investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification.").

Finally, defendant argues appellate counsel provided ineffective assistance in failing to argue defendant was entitled to a cross-racial identification jury instruction. See State v. Cromedy, 158 N.J. 112, 132 (1999) (instructing courts to provide cross-racial jury instructions under specific circumstances). We disagree.

As the PCR judge noted, our Supreme Court did not decide Cromedy until two years after defendant's trial. Accordingly, trial counsel was under no obligation to argue for a cross-racial identification instruction, and his appellate counsel did not provide ineffective assistance in failing to raise that issue on appeal. Moreover, defendant fails to present any evidence demonstrating his appellate counsel's allegedly deficient performance prejudiced the outcome of his appeal, particularly in light of appellate counsel's zealous advocacy pertaining to the viable double jeopardy defense.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION